

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-12-00159-CR

**DELARONTAE DANTARIO WALKER,**

                                                    **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                    **Appellee**


_____


**From the 19th District Court**
**McLennan County, Texas**
**Trial Court No. 2011-1473-C1**


## MEMORANDUM OPINION


Appellant, Delarontae Dantario Walker, was charged by indictment with the offense of aggravated robbery, a first-degree felony. *See* TEX. PENAL CODE ANN. § 29.03 (West 2011). Appellant pleaded "not guilty" to the charged offense, and a jury trial commenced. At the conclusion of the evidence, the jury found appellant guilty of the charged offense, concluded that appellant used or exhibited a deadly weapon in committing the offense, and sentenced him to fifty years' incarceration in the

Institutional Division of the Texas Department of Criminal Justice.[1]  Appellant appeals, and we affirm.

## I.    *ANDERS* BRIEF

Pursuant to *Anders v. California*, 386 U.S. 738, 744, 87 S. Ct. 1396, 1400, 18 L. Ed. 2d 493 (1967), appellant's court-appointed appellate counsel filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of error upon which an appeal can be predicated.  Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal.  *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has carefully discussed why, under controlling authority, there are no reversible errors in the trial court's judgment.  Counsel has informed this Court that he has:  (1) examined the record and found no arguable grounds to advance on appeal; (2) served a copy of the brief and counsel's motion to withdraw on appellant; and (3) informed appellant of his right to review the record and

---

[1] The punishment range for a first-degree felony is "imprisonment . . . for life or any term of not more than 99 years or less than 5 years" with an optional fine not to exceed $10,000.  *See* TEX. PENAL CODE ANN. § 12.32 (West 2011).

to file a pro se response.[2]  *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23.  More than an adequate period of time has passed, and appellant has not filed a pro se response.  *See In re Schulman*, 252 S.W.3d at 409.

## II.     INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous.  *Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 349-50, 102 L. Ed. 2d 300 (1988).  We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an appeal.  *See Bledsoe v. State*, 178 S.W.3d 824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.  Accordingly, the judgment of the trial court is affirmed.

## III.     MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel for appellant.  *See Anders*, 386 U.S. at 744, 87 S. Ct. at 1400; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous,

---

[2] The Texas Court of Criminal Appeals has held that "'the pro se response need not comply with the rules of appellate procedure in order to be considered.  Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues.'"  *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.—Waco 1997, no pet.)).

he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to appellant and to advise him of his right to file a petition for discretionary review.[3] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).


                                    AL SCOGGINS
                                    Justice


Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed November 29, 2012
Do not publish
[CR25]

---

[3] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition and all copies of the petition for discretionary review must be filed with the Clerk of the Court of Criminal Appeals. *See id.* at R. 68.3. Any petition for discretionary review should comply with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure. *See id.* at R. 68.4; *see also In re Schulman*, 252 S.W.3d at 409 n.22.